SHELTON *v.* USNER.*

(Division A.   Nov. 29, 1926.)

[110 So. 504.   No. 25929.]

VENDOR AND PURCHASER.  *Purchaser of land under executory contract must tender performance.*

Purchaser of land under executory contract must make tender of performance before bringing suit thereon.

*Corpus Juris-Cyc. References: Vendor and Purchaser, 39 Cyc, p. 1561, n. 42, 44.

APPEAL from chancery court of Jackson county.
HON. V. A. GRIFFITH, Chancellor.

Suit by A. M. Shelton against A. M. Usner.   Judgment for defendant, and plaintiff appeals.   Affirmed.

*Denny & Heidelberg,* for appellant.

This was and is a proceeding for specific performance upon a written contract.   As to the sufficiency of the contract itself, but one question was raised and that was as to the description of the property intended to be described therein; as to this feature, we have devoted the first of the argument hereinabove.

The case as decided by the Chancellor involves sections 8121 and 8122, Hemingway's Code (sections 2146 and 2147, Code of 1906) and section 1834, Hemingway's Code (section 2159, Code of 1906), the first two sections dealing with those who are entitled to homestead exemp-

tions and the amount and value of such exemptions, and the third section making it mandatory that the wife of the owner must join in any conveyance, mortgage, deed of trust or other encumbrances of the homestead exempted from execution.

The chancellor in his opinion did not cite any particular case that he based his conclusion and findings upon, but in *Gilmore* v. *Brown,* 93 Miss. 46 So. 840, is the latest pronouncement of the court that we are able to find where the proposition or question of the homesteader registering and voting in some other place has been passed upon.

*Ford, White, Graham & Gautier,* for appellee.

The law of this state is, and has always been, that before one can maintain a suit for specific performance of a contract, he must place his opponent in default by offering to perform the contract; in contracts, as in the present case, calling for the payment of money and notes, the money and notes must be tendered, if not before suit is filed, certainly the tender must be brought into court with the filing of the bill. Griffith's Miss. Chancery Practice, section 522 and authorities cited, especially *Phillip* v. *Dana,* 121 Miss. 697; *Morton* v. *Varnado,* 127 Miss. 339.

There was no excuse for the failure to make a proper tender in the present case for at the very time Bouslog, as agent of the appellant, was pretending to make a tender to appellee's daughter and the attorney in New Orleans, his own testimony shows that Mr. and Mrs. Usner were in Ocean Springs. A tender must be made to the party at interest or some one authorized by him to receive it, and cannot be made to an agent. *White* v. *Lee,* 97 Miss. 495. Failure to furnish an abstract does not excuse a tender. *Kesley* v. *Crowther,* 162 U. S. 404, 40 L. Ed. 1017.

*Denny & Heidelberg,* in reply, for appellant.

In reference to that part of appellee's brief relating to the failure of appellant to make a tender herein, it will be noted that Usner had purchased from the Building & Loan Association and the tender as made by Bouslog with the notary was at this place in the city of New Orleans. Tender was also made to the attorney in the city of New Orleans who was representing Usner in the transaction at that time. We submit that under the holding in *Morton* v. *Varnado,* 121 Miss. 697, 90 So. 77, it was not necessary to tender the money into court. See, also, *Watson* v. *Sawyer,* 54 Miss. 64.

The situation was this: Usner had stated to the witness Holifield that he was a resident of New Orleans, Louisiana, and under his own signature on two different occasions he had stated that his place to residence was in New Orleans. Surely, appellant is not going to be held to have to read the mind of appellee; but if appellant at that time had had this power, we submit that there is sufficient in this record to show that Usner did not entertain the idea of residence, domicile and citizenship in the state of Mississippi; but that a complete transformation took place in the minds of Usner and wife after beach frontage real estate located on the Mississippi coast began to soar in price after the granting of the option sued on herein.

Argued orally by *H. P. Heidelberg,* for appellant.

SMITH, J., delivered the opinion of the court.

Leaving out of view the appellant's failure to tender with his bill the money he agreed to pay for the land and the notes he agreed to execute therefor, the decree of the court below must be affirmed, for the reason that no tender of performance was made by the appellant before beginning this suit. The two persons to whom the tender of performance was made are not shown to have had

any authority to accept the same, and, assuming for the sake of argument that New Orleans was the place of performance, it is manifest from the record that the appellee resided there, and was only temporarily absent therefrom when the alleged tender was made.

We express no opinion on the other questions presented.

*Affirmed.*